GEORGE WHITE, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

If one enter a house with intent to commit a felony, but the entering is through an open door without any breaking, actual or constructive, the offense is not burglary, nor under our Code, section 4386, is it a sufficient "breaking and entering into," that having entered with intent to commit a felony he unbolts a door to get out.

Burglary. Before Judge POTTLE. Madison Superior Court. September Term, 1873.

George White was placed on trial for the offense of burglary, alleged to have been committed on June 25th, 1873, by breaking and entering the dwelling house of one George L. Rice, with the intent to commit a rape upon the person of one Amanda J. Rice, and by having escaped from said house by breaking out of the same. The defendant pleaded not

guilty. The jury found to the contrary. Whereupon the defendant moved for a new trial upon the following, among other grounds :

·Because the court erred in charging the jury as follows : "As to what constitutes a breaking, I charge you in this case as follows : if you believe from the evidence that the prisoner entered the house of Rice without breaking, with the felonious intent charged in the indictment, to-wit: the crime of rape on Miss Rice, and if you believe from the evidence that he left the room of that· house by opening a door, which door was then bolted, that there has been sufficient proof of breaking and entering, in contemplation of law."

The motion was overruled, and defendant excepted.

W. G. Johnson ; John T. Osborn, for plaintiff in error.

1st. Charge of the court as to what constituted " breaking and entering," was error. By the statute of Georgia, " burglary is the breaking and entering into a dwelling house, etc., with intent to commit a felony or larceny therein." The statute is so plain and simple that there is no necessity to resort to construction : R. Code of 1868, sec. 4320 ; 33 Ga., 229 ; 5 Wheat. U. S., p. 96 ; 14 Peters' U. S., 475. Breaking into cannot mean breaking out: Potter's Dwarris on Statutes, bottom of page 245. Breaking and entering cannot be construed breaking or entering : Potter's Dwarris on Statutes, p. 245, note 35, citing United States *vs.* Ten Cases of Shawls ; 2 Paine, 162 ; Potter's Dwarris on Statutes, pp. 247, 127 ; Section 10 of Vattel's Rules, page 143 ; Section 2 of American Rules, pages 199, 200; bottom of page 207, note 22, bottom of page 215, and page 285 ; 1 Russell on Crimes, side-page, 828 ; 1 Hale's Pleas of Crown, 554 ; 1 Bishop's Cr. Law, (4th ed.,) sec. 327, notes 8, 2.

2d. The statute of 12 Anne, upon which the state relies, is not of force in Georgia: See Schley's Digest and preface thereto, in which he says that the statutes enumerated in his Digest are the only English statutes of force in Georgia. Aside from this, the statute of 12 Anne is no authority in Georgia :

See 11 Ga., 500, 4th head-note.   The statute of 12 Anne is not binding on us as common law, because the meaning of burglary is settled by the legislature in Georgia.   2 Bishop's Criminal Law, section 105, (4th edition.)   12 Anne is not even declaratory of the common law:  See 5th edition of Bishop's Crim. Law, vol. 2, sec. 100, and last part of that section on top of page 102.

SAMUEL LUMPKIN, solicitor general ; J. B. ESTES, for the State.

The definition of burglary at common law, and under all our statutes, is substantially the same: 2 Black., 4th Book, side-page 224; 2 Bish. Cr. Law, (5th ed.,) secs. 80, 90.

Under the common law prior to the statute of 12 Anne, (A. D. 1713,) the law involved in the court's charge had been stated to be doubtful, though many of the authorities favor the views of Judge Pottle:  See 2 Wharton, sec. 1536; 2 East., 488 ;. 3 Greenleaf's Ev., 76 ; 1 Russell, 792 ; Bacon's Abridg., Title, Burglary, 133, 134.

The statute of 12 Anne of force in Georgia—It was of force May 14, 1776 ; not repealed till 7 and 8 George IV., in 1827 : See 1 Russell, 792.

Act of 1784 adopted all the common and statute laws of England in force in the colony of Georgia on the 14th May, 1776, not contrary to our constitution, laws and form of government:  Cobb's Digest, p. 721.   See also act of December 19, 1860, which adopted Code of 1862–3.   The constitution of 1865 adopted all such laws of force December 19, 1860. Similar provision in the constitution of 1868.   This act is not in Schley's Digest, it is true, but that Digest is not infallible: 23 Ga., 89, 90, 91, 92.   The various acts adopting our penal Code are not inconsistent with this statute of Anne.

But suppose this statute not of force in Georgia.   It was simply declaratory of the common law—did not change it. 12 Anne declared the law before construed both ways: 2 Black., 4th Book, side-page 227 ; 2 East., 489, 490 ; Bacon's Abridgment, Title, Burglary, 133, 134; 8 Carr & Payne.

See, also, on this point, 2 Bishop's Criminal Law, (5th edition,) sections 86, 99, and which intimates that this statute should be respected by our courts as declaratory of the sense of the English Parliament, *i. e.,* their sense of what the law was before the statute of Anne, and of which that statute was declaratory.

McCay, Judge.

There was absolutely no proof of any breaking and entering into in this case, and to sustain the conviction the charge of the judge must be right. Either breaking out means also breaking into, or the statute of Anne, making "entering with intent to commit a felony and breaking out, burglary," is of force in this state. Ever since our first Code, (1833,) it has been the uniform understanding that we had no *crimes* in this State save such as were defined and punished in the Code. The Code of 1833 defined burglary to be the breaking and entering into, etc., and this definition has been reiterated in each of our Codes, and in each of the many acts we have passed modifying and extending the crime of burglary. Had it been the legislative will that the statute of Anne should remain of force, or that the words " breaking and entering into" should be subject to the construction insisted on, we think the failure to express it in some of the Codes, or in some of the acts, of which we have had many, modifying and extending the crime of burglary, is inexplicable. We are driven by our convictions, therefore, to the conclusion that Judge Pottle went too far in holding that the statute of Anne alluded to was of force in Georgia, or that the words "breaking and entering into" may be construed to mean entering into and breaking out. That criminal laws must be construed strictly is universally admitted.

Our statute *defines* burglary. We go to the common law to get the meaning of the words used, as, for instance, that raising a window or opening a closed door is breaking, and that entering does not require that the whole body go in. But to say that where the words used are "breaking and en-

tering into," this may mean entering into and breaking out, because by the statute of Anne this was also made burglary, is pushing the admitted right to go to the common law for the meaning of words to an unwarranted extent. It required a statute in England to do this; our statute uses the common law words as they stood before the statute of Anne, and we think they are to be taken to mean what their plain language imports.

We do not go into the evidence, except upon this one point of breaking into. We will only say that if the prisoner's confession be simply the reply of the prisoner to the magistrate, or to his *amicus curiæ*, as to whether he was guilty or not, that it ought not to be used against him. If a formal plea of guilty may be withdrawn, and a plea of not guilty substituted, it would seem to follow that if withdrawn and a plea of not guilty put in, the plea of guilty simply goes for nothing. The withdrawal of a plea of guilty is a poor privilege, if, notwithstanding its withdrawal, it may be used in evidence under the plea of not guilty.

Judgment reversed.