STATE *v.* ALLEN McPHERSON and HENRY WILLIAMS.

A defendant cannot be convicted of that with which he is not charged. *Therefore*, where the Judge below, upon the trial of an indictment, charging the defendant with breaking and entering into the house of the prosecutor and stealing therefrom, charged the jury "that if they believed the defendants, (however they may have got into the house,) broke out of it, they were guilty:" *It was held*, to be error and to entitle the defendants to a new trial.

INDICTMENT, for Burglary, tried at January Term, 1874, of of the Superior Court of Wake county, before his Honor, *Watts, J.*

The facts are stated in the opinion of Justice READE.

Defendants were convicted and appealed to this Court.

*Purnell* and *J. C L Harris*, for defendants.
*Attorney General Hargrove*, for the State.

READE, J. Burglary, at common law, was the breaking and entering a dwelling house, in the night time, with intent to commit a felony. It was necessary to charge in the indictment, *fregit et intravit*—"broke and entered." And so are all the precedents. And so is the indictment before us. And there was evidence tending to show that the prisoners did break and enter ; and they were convicted by the jury. And yet they cannot be punished, because of error committed on the trial. It was not left to the jury to say whether the prisoners did break and enter the house, but whether they broke out of the house. The Solicitor asked his Honor to charge, and his Honor did charge the jury, "that if they believed that the defendants (however they may have got into the house) broke out of it, they were guilty." Now, as there was no charge that they broke out of the house, and as they could not be convicted of that with which they were not charged, it follows that their conviction was wrong. Grant that it is just as

much a crime to break out of a house, as it is to break into it, just as it is as much a crime to kill a man with poison, as with a sword ; yet you cannot charge him with one crime and convict him of another ; nor can you charge him with committing a crime in a certain manner, and convict him of doing it in a different manner.

At common law it was at least doubtful whether one could be convicted of burglary, even when charged with breaking out of a house. The better opinion seemed to be, that the breaking must be for the purpose of effecting an *entrance*, and not for the purpose of effecting an *escape*. And therefore the statute of 12 Anne was passed, which made it burglary to break out of a house, the same as to break into it. The statute, after reciting " That there had been some doubts whether the entering the mansion house without breaking the same, with an intent to commit some felony, and breaking said house in the night time, to get out, were burglary;" declared that " if any person shall enter into the mansion or dwelling house of another by day or by night, without breaking the same, with an intent to commit felony, and shall in the night time break the said house to get out of the same, such person shall be guilty of burglary, as if he had broken into the house," &c. That statute was subsequently repealed and 8 Geo. IV, was passed, which provides that, "if any person shall enter the dwelling house of another with intent to commit felony, or being in such house, shall commit any felony, and shall in either case break out of the said house in the night time, such person shall be deemed guilty of burglary."

It is clear that in order to convict, under this statute, it is necessary to charge, that he did " break out," and not that he broke in. Such was the practice and such were the precedents, and the decisions, which may be found collected in leading Criminal Cases, vol. 2, p. 62. And the practice under the statutes was very strict. In one case the charge was, " *did break to get out ;*" and in another, " *did break and get out.*" Held not to be sufficient ; for the words of the statute were

"break out." And so the defendant was convicted of larceny only, and acquitted of burglary. In the case before us, breaking out, is not charged in the indictment in any form, but only breaking in ; and yet the jury were told that they might convict of breaking out. If the prisoners had been charged in the indictment with breaking out, there was evidence upon which they might have been convicted ; but there was no such charge ; and therefore, the conviction was erroneous.

Our statute, Bat. Rev. ch. 32, sec. 12, is substantially the same as the English statute.

There is error.

This will be certified.

