## STATE v. BEE.

The trial judge did not err in refusing to charge, as requested by prisoner, that there was no burglary, there being evidence that he was found at midnight in the prosecutor's open room on the upper floor of an open restaurant, and that the prisoner when seen jumped through an open window and escaped from the yard enclosure through a gate which was habitually kept locked, taking with him a pistol of the prosecutor.

Before ALDRICH, J., Charleston, November, 1887.

This was a prosecution of William Bee for burglary. The testimony for the prosecution was that Bee had been working in the restaurant for some days, but went off about 6 o'clock in the afternoon and was not seen again until found in prosecutor's bedroom up-stairs at midnight. The prosecutor was in his bar-room and did not see Bee pass in, but the back room was open and so was the bed-room door. The gate on State street had not been opened for two weeks, but after prisoner's escape that night, the gate was found to be unlocked and open. Prosecutor's trunk in his room was found open and some papers and a pistol gone. Prosecutor afterwards charged prisoner with the offence and he did not deny it. Other matters are stated in the opinion of this court.

*Messrs. S. J. Lee* and *R. C. Browne,* for appellant.

*Mr. Jervey*, solicitor, contra.

June 26, 1888.   The opinion of the court was delivered by

MR. JUSTICE McGOWAN.   This was an indictment for burg-
lary and larceny.   It appeared that Henry Meyers keeps a sort
of restaurant to furnish "lunches" in Charleston ; that he had a
cook, Johnson, whose business it was to prepare the lunches ;
that the defendant, Bee, asked to be allowed to help him, which
he did for several days before May 15, 1887.   Meyers testified
that on the night of that day he was in the bar until after 12
o'clock, when he closed and went up-stairs to his chamber.   When
he struck a light he found Bee, the defendant, in the room,
"without shoes, coat, or hat," and endeavored to arrest him ; but
he jumped through a window on to the piazza and thence down to
the ground, making his escape through a gate opening on "State
street."   It was found that a trunk in the room had been opened
and a pistol which it contained was gone.   "The bar" is on the
first floor, the kitchen up-stairs, as also the chamber of the pro-
prietor.   It did not clearly appear how or when the defend-
ant got into the room.   He admitted that he was the person who
was found in the room, but claimed that he had been drinking
and had fallen asleep.   He said nothing whatever as to the pistol.

The defendant's attorney requested the judge to charge the
jury, that the State having failed to prove that the defendant
"broke" and entered the bed-room, they should acquit him of
the charge of burglary.   The judge refused so to charge, and the
jury returned a verdict of "guilty."   The defendant appeals
upon the grounds : "I. Because there was no proof that the
house alleged to have been burglarized was closed, and therefore
no evidence of any breaking, and his honor erred in not charging
the jury as requested by the defendant, to find a verdict of not
guilty.   II. Because there was no proof at the trial to sustain
the charge of burglary, and therefore the defendant should have
been acquitted.   III. Because the verdict of the jury is contrary
to law, and unsupported by the evidence."

Whether the evidence was sufficient to convict the defendant
of burglary was a matter exclusively for the jury, and this court
has no jurisdiction to review their finding. /The only question

before us is, whether the judge committed error of law in declining to charge the jury that there was "no burglary," and the defendant should be acquitted of that charge. No question is made as to the presence of all the elements of the crime, except that of "breaking" into the bed-room. It is urged that the defendant may have entered through an open door, as there was no proof that the doors were closed until the proprietor retired for the night. There was evidence showing that he was found in the bed-room at a very unseasonable hour; that the pistol disappeared, and that when discovered the defendant jumped through a window on to the piazza and thence to the ground, making his escape from the premises through a gate which was usually kept locked, and had not been open for two weeks. We cannot say that the judge erred in sending the case to the jury.

"By the common law burglary is where a person breaks and enters any dwelling house by night, with intent to commit a felony therein, whether such felonious intention be executed or not. The 'breaking' is either actual (as where the person makes a hole in a door or opens a window), or in law (as where he obtains an entrance by threats or fraud, or by collusion with some one in the house). A person who breaks out of a dwelling house by night, is guilty of burglary if he entered it by day with intent to commit a felony, or if he committed a felony therein before breaking out." *R. & L. Law Dict.*, title "Burglary"; 2 *Arch. Pl. & Prac.*, 1080; 2 *Russ. Cr.*, 7; 3 *Chit. Cr. L.*, 1108. "And it is to be observed that even when the first entry is a mere trespass, being as *per janua aperta*, if the thief afterwards breaks open any inner room, he will be guilty of burglary, 1 *Hale*, 553; and this may be done by a servant who sleeps in an adjacent room, unlatching his master's door, and entering his apartment with intent to kill him. * * * Pulling down the sash of a window is a breaking, though it has no fastening, and is only kept in its place by the pulley weight," &c. See notes to 2 *Chitty's Blackstone*, page 226.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.