# COURT OF APPEALS,
## Feb. 1, 1916.

## THE PEOPLE v. WARD TOLAND.

(217 N. Y. 187.)

BURGLARY *—WHEN BREAKING OUT OF A BUILDING, AFTER COMMITTING A CRIME THEREIN, CONSTITUTES BURGLARY.

Opening of a latched door constitutes a breaking sufficient to uphold a conviction for burglary. Section 404 of the Penal Law provides that a person who being in a building commits a crime therein and breaks out of the same is guilty of burglary in the third degree. Defendant, with others, entered a barn through an open doorway for the purpose of killing a heifer therein and stealing the meat. After they entered one of them closed the door of the entrance through which they had come and fastened it with a hook or strap so that it remained closed sufficiently to prevent egress unless the fastening was removed. After the heifer had been killed the defendant and his companions unfastened the door and left the barn, taking the meat with them. *Held,* that defendant was guilty of burglary.

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered January 25, 1915, which reversed a judgment of the Franklin County Court, rendered upon a verdict convicting the defendant of the crime of burglary in the third degree, and granted a new trial.

The facts, so far as material, are stated in the opinion.

*John W. Genaway* for appellant.

· The acts proven against defendant constituted burglary in the third degree. (Penal Law, § 404; Rosenthal v. American Bonding Co., 143 App. Div. 143; People v. Gartland, 30 App.

---

* See Note 27, p. 476.

Div. 534; McCourt v. People, 64 N. Y. 583; State v. Robertson, 32 Tex. 159; People v. Meyer, 162 N. Y. 369; Guches Case, 6 City Hall Rec. 12; Brown v. State, 55 Ala. 123; White v. State, 51 Ga. 285; State v. Ward, 43 Conn. 489; State v. Wilson, 1 N. J. L. 439.)

*A. B. Cooney* for respondent.

The People failed to establish the crime of burglary in the third degree. (Penal Law § 404; Sullivan v. People, 27 Hun, 35; People v. Bennett, 49 N. Y. 137; People v. Farlick, Hill & D. Supp. 63; 14 Abb. [N. S.] 334; 45 How. Pr. 302; 5 Park. 61.)

WILLARD BARTLETT, Ch. J.:

The defendant was convicted under the second subdivision of section 404 of the Penal Law, which provides that a person who being in a building commits a crime therein and breaks out of the same is guilty of burglary in the third degree.

A party of three young men including the defendant entered a barn through an open doorway for the purpose of killing a heifer therein and stealing the meat. After they entered, one of them closed the door of the entrance through which they had come and fastened it with a hook or strap so that it remained closed sufficiently to prevent egress unless the fastening was removed. " It was not tightly closed," said one of the witnesses for the People, " but was open two or three inches all the time." After the heifer had been killed the defendant and his companions unfastened the door and left the barn with their booty.

Upon these facts the jury found the defendant guilty of burglary in the third degree. The learned Appellate Division has reversed the judgment upon this conviction because the door was fastened by the defendant himself or one of his comrades. In the prevailing opinion of that court the presiding justice says:

" I am unwilling to hold that the breaking out of a building is an element of crime unless through the opening of a door not closed by the defendant himself."

Where the entry was without a breaking and the wrong-doer subsequently broke out of the building, it seems to have been doubtful at common law whether the act constituted burglary. This doubt resulted in the enactment of the statute 12 Anne (Stat. 1, c. 7, § 3) in the year 1713, which provided that it should be burglary " if any person shall enter into the mansion or dwelling house of another by day or by night without breaking the same with an intent to commit felony; or being in such. house shall commit any felony and shall in the night time break the said house to get out of the same." This statute was substantially re-enacted in the reign of George IV and has now been superseded in England by an act of Parliament passed in the reign of Queen Victoria. In Connecticut it has been held that the statute of Anne should be regarded simply as declaratory of the common law, but that in any event it may be considered a part of the law of that state by adoption, though not of binding force as a statute, inasmuch as statutes of this character enacted by Parliament before the Declaration of Independence had been adopted by the neighboring commonwealth of Massachusetts as a part of its law. (State v. Ward, 43 Conn. 489.) Mr. Bishop, in his discussion of this feature of the law of burglary, says that the statute of 12 Anne is too recent to be absolutely binding as common law in all the states of the Union though entitled to weight as declaratory of the sense of the British Parliament. Statutes of a similar character exist in many, if not most, of the states. In Kentucky their statute concerning this subject-matter is peculiar. " If any person   *   *   *   shall feloniously break any dwelling-house   *   *   .*   and feloniously take away anything of value " he is guilty of burglary. (Kentucky Statutes, § 1162.) Construing this enactment the Court of Appeals of that common-

wealth has said: "We are of opinion that, if the goods be stolen, it is immaterial whether the theft be accomplished by breaking in or by breaking out. Proof of breaking of some sort is essential. Breaking is established in the mere turning of a knob, or opening of a latched door, but whether that breaking occurs before or after the theft does not alter or lessen the degree of the offense." (Lawson v. Commonwealth, 160 Ky. 180.)

Subdivision 2 of section 404 of the Penal Law is derived from the English statutes of similar purport through our own Revised Statutes. (See revisers' notes to the Revised Statutes, 5 Edmonds' Statutes, p. 545.) It manifestly requires that to constitute burglary the breaking for the purpose of getting out of a building must be similar in character to the breaking for the purpose of entering in a case where the burglary consists of breaking and entering a building with intent to commit a crime therein. I think there can be no doubt that the door through which the defendant and his companions made their exit was so closed and fastened that they must be held to have broken out within the spirit and intent of the statute when they unhooked or otherwise unfastened it. It was closed in such a manner that an affirmative physical effort was required in order to open the door so that human beings could pass out. In the absence of such effort it was as much of an obstacle to egress as the door would have been if closely shut and firmly latched; and nothing is better settled in the law of burglary than that the opening of a latched door constitutes a breaking sufficient to uphold a conviction. Indeed, if the door is closed it is not necessary to constitute burglary that it should be latched. (2 Wharton's Crim. Law [11th ed.], § 971.) Here, as has already been suggested, the door was effectually closed to the passage of the thieves until the fastening was removed. The word "break" is used in the statute in the sense of the removal of impediments to passage. (State v. O'Brien, 81 Ia. 93.)

We are unable to perceive why a person who breaks out of a building after having committed a crime therein should be relieved from liability as a burglar under the statute because he himself has closed the door through which he breaks in order to effect his escape. This doctrine cannot be asserted without introducing a qualification into the statute which is not found there or implied by anything which we can discern in the definition of the offense. It has been suggested that inasmuch as the thieving party found the barn door open and committed a trespass against the owner by closing it they simply performed a duty to the owner by opening the door and returning his property to the condition in which they found it. It is clear, however, that they did not open the door in the discharge or assumed discharge of any obligation toward the owner. Every act which they did in respect to his property was an unauthorized invasion and a trespass; and to relieve them from liability by force of this suggestion would involve an unwarrantable refinement of the law. We think that the defendant cannot escape liability by reason of the fact that he and his associates voluntarily created the condition which compelled them to break out of the barn to carry off their plunder. It is both their misfortune and their fault that they did not leave the door open. Having closed it and broken out within the meaning of the law in order to leave the premises the defendant must take the legal consequences which he has thus brought upon his own head.

We agree with the learned justice who dissented in the Appellate Division that the facts proved were sufficient to sustain the conviction. The judgment of the Appellate Division should be reversed and that of the County Court of Franklin county affirmed.

HISCOCK, COLLIN, CUDDEBACK, CARDOZO, SEABURY and POUND, JJ., concur.

Judgment accordingly.