## SOLF *v.* STATE

[No. 107, September Term, 1961.]

*Decided December 7, 1961.*

Submitted to BRUNE, C. J., and HENDERSON, PRESCOTT, HORNEY and MARBURY, JJ.

Submitted on brief by *John W. Mitchell* for the appellant.

Submitted on brief by *Thomas B. Finan, Attorney General, Louis E. Schmidt, Special Assistant Attorney General,* and *William L. Kahler, State's Attorney for Prince George's County,* for the appellee.

PER CURIAM.

The appellant (Lena Katherine Solf) was convicted, with her son and an acquaintance, of armed robbery. At the trial, the victim, who positively identified her in open court, was allowed to testify over objection that he had previously identified the accused from a picture of her mingled with some fifty other photographs shown him by the police. No effort was made to show (on a motion for a mistrial or otherwise) that the appellant had been prejudiced by the introduction of the cumulative evidence. The claim on this appeal is that since the extrajudicial identification was not necessary to establish identification, the admission thereof was reversible error. The contention is without merit. Clearly, it was not error to admit into evidence the extrajudicial identification of the accused. *Proctor v. State,* 223 Md. 394; *Bulluck v. State,* 219 Md. 67; *Judy v. State,* 218 Md. 168; *Basoff v. State,* 208 Md. 643. Nor was the additional proof of identity prejudicial under the circumstances. See *Cook v. State,* 225 Md. 603; *Contee v. State,* 223 Md. 575; *Lusby v. State,* 217 Md. 191.

*Judgment affirmed.*