IRVING v. STATE

[No. 125, September Term, 1962.]

*Decided January 15, 1963.*

Submitted on the brief to Brune, C. J., and Hammond, Prescott, Marbury and Sybert, JJ.

Submitted by *Benjamin Foreman* for appellant.

Submitted by *Thomas B. Finan, Attorney General, Russell R. Reno, Jr., Assistant Attorney General, William J. O'Donnell, State's Attorney,* and *Joseph G. Koutz, Assistant State's Attorney,* for appellee.

Per Curiam.

After being found guilty of burglary by Judge Manley, sitting without a jury, and being sentenced, the defendant has appealed.

He contends that the evidence is insufficient to support his conviction in that the State failed to prove his intent to steal.

The contention is without merit, being obviously based upon the "nothing to lose" philosophy now so frequently invoked by indigent criminals.

It is well-settled law that in prosecutions for burglary the intent may be inferred from the circumstances. *Shipley v.*

*State,* 220 Md. 463, 154 A. 2d 708; *Holtman v. State,* 219 Md. 512, 150 A. 2d 223; *Felkner v. State,* 218 Md. 300, 146 A. 2d 424; *Cooper v. State,* 220 Md. 183, 152 A. 2d 120. In the instant case, the evidence not only permits an inference of an intent to steal by the appellant, but some of the purloined property was actually found upon his person before he could escape. He, one "Flatfoot," and another man were interrupted at a time when they were ransacking a dwelling. All three ran out of the house, but appellant was caught before he could get away. At first, he denied being in the house but later admitted that he was, and, when he was apprehended, a pair of gloves belonging to the matron of the dwelling fell from his pockets. There was ample evidence of his intent to steal.

*Judgment affirmed.*