PEARRE *v.* STATE

[No. 142, September Term, 1964.]

*Decided January 7, 1965.*

The cause was submitted to PRESCOTT, C. J., and HORNEY, MARBURY, SYBERT and OPPENHEIMER, JJ.

Submitted on brief by *James A. Gede* for the appellant.

Submitted on brief by *Thomas B. Finan, Attorney General, Robert F. Sweeney, Assistant Attorney General, Frank H. Newell, III, State's Attorney for Baltimore County,* and *Richard D. Byrd, Assistant State's Attorney,* for the appellee.

PER CURIAM.

Found guilty in a non-jury trial of breaking into a pharmacy with intent to commit a felony, *i.e.,* larceny, therein, the ap-

pellant first contends that the State failed to prove a felonious intent and that therefore the evidence was insufficient to support the conviction.

The State's evidence showed that a motorist, O'Neill, saw two men who "looked suspicious" in front of the closed pharmacy at about 10:30 P.M. and a little later heard the shattering of glass. Leaving his car, he approached the pharmacy and observed a man "apparently talking into the store" through a hole in the glass front door. This man ran down the street, but when a second man came out of the pharmacy and fled down an areaway, the first man ran back toward the areaway and O'Neill grappled with him, but he escaped. O'Neill later identified the appellant as the man with whom he had struggled.

The appellant argues that there was not sufficient evidence from which it could be inferred that the intruders intended to steal goods of the value of $100 or more, as required by Code (1962 Supp.), Art. 27, sec. 32, under which he was charged. It is true that the testimony showed that only some drawers in a cupboard in the rear of the store were ransacked, and that nothing was actually taken, but the argument overlooks the fact that O'Neill interrupted the crime and that for this reason the intruders fled empty handed. The actual intention at the time of the breaking is controlling, and we have held that a felonious intent to take whatever the offender could get can be inferred from the hour of the entering, the ransacking of drawers, and other similar circumstances. *Ridley v. State*, 228 Md. 281; *McCray v. State*, 236 Md. 9. The appellant contends that the only inference that the evidence permits is that he intended to take narcotics for his own use and was not interested in their monetary value and therefore a felonious intent was not proved. This contention, though imaginative, misinterprets the statutory prohibition. The statute interdicts the taking of things of value; narcotics have value; and under the circumstances of this case the trier of facts could reasonably infer that the appellant intended to take all the narcotics that he might find. Therefore, even if it be assumed that the appellant was only interested in narcotics, the evidence supported his conviction. *McLaughlin, Jr. v. State*, 234 Md. 555, 560; *Putnam v. State*, 234 Md. 537, 546, and cases cited.

The appellant next claims that he was prejudiced because the police officers informed the witness O'Neill, prior to a lineup in which O'Neill identified the appellant, of the latter's past encounters with the law and that the appellant would, in fact, be in the lineup, and because the appellant wore a bright shirt in the lineup while the other participants were attired in white shirts. However, O'Neill, shortly after the crime and several months before the lineup, had positively identified the appellant from among a group of police photographs, and identified him again at the trial. We see no prejudice. *Basoff v. State*, 208 Md. 643; *Solf v. State*, 227 Md. 192.

The final contention is that he was denied the right to subpoena certain witnesses to substantiate his alibi testimony. However, at no place in the record is it revealed, or even suggested, that he had attempted to subpoena such witnesses and been refused the opportunity to do so. Thus the point is completely without merit. *Davis v. Warden*, 217 Md. 662.

*Judgment affirmed.*