## HOWARD *v.* STATE

[No. 415, September Term, 1964.]

*Decided September 23, 1965.*

The cause was argued before PRESCOTT, C. J., and HAM-

MOND, HORNEY, MARBURY, OPPENHEIMER and McWILLIAMS, JJ., and PROCTOR, J., Associate Judge of the Third Judicial Circuit, specially assigned.

*William D. Hooper, Jr.,* for the appellant.

*David T. Mason, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Lucy Ann Garvey, Assistant State's Attorney,* on the brief, for the appellee.

PER CURIAM.

Appellant, Alvin L. Howard, with codefendant Samuel Thomas, was tried by Judge Harlan without a jury, in the Criminal Court of Baltimore, and found guilty of attempt to commit a storehouse breaking with the intent to steal goods and chattels of the value of $100 or more. Howard was sentenced to four years in the Maryland Correctional Institution for Men.

On October 2, 1964, Officer Jerome Bucolla of the Baltimore City police saw appellant and Thomas tampering with the door of Quality Poultry, Inc., located at 217 South Hanover Street, Baltimore, Maryland. When the officer ordered the men to step aside he observed a crowbar wedged between the door and the hasp of the lock. In response to questioning by Officer Bucolla the appellant stated that he and Thomas, who was employed by Quality Poultry, Inc., had gone to look for a place to break into because he needed money to get back to his army base. At the trial, the president of Quality Poultry, Inc. testified that the building, into which the appellant sought entrance, contained equipment and poultry worth thousands of dollars.

On appeal, the appellant claims that the State presented insufficient evidence to establish an intent to steal goods of the value of $100 or more, as required by Code (1964 Cum. Supp.), Article 27, Section 32, under which he was charged. We do not agree. This Court has held on many occasions that the amount or value of what is intended to be stolen is often a matter of inference. *Pearre v. State,* 237 Md. 622, 206 A. 2d 249; *Putnam v. State,* 234 Md. 537, 200 A. 2d 59, and cases cited. The

evidence in this case was clearly sufficient to permit the trier of fact to infer that appellant intended to steal the requisite $100 or more.

Additionally, the appellant contends that he was not adequately represented by his court appointed counsel (who was not his counsel on appeal) because of the latter's failure to object to leading questions propounded by the State and to conclusions drawn by the witnesses. There is nothing in the record to show that Howard objected to his representation during the trial. This point can not be raised for the first time here. Maryland Rule 885; *Brown v. State,* 237 Md. 492, 207 A. 2d 103; *Stevens v. State,* 230 Md. 47, 185 A. 2d 194. In any event, appellant does not specify which questions were leading, which answers were conclusions, or in what manner he was prejudiced by his attorney's failure to object. Competency of counsel is not necessarily concomitant with the frequency of his objections. Assuming that certain objections should have been made, mere tactical errors of trial counsel do not amount, *per se,* to inadequate representation. *Brown v. State, supra; Greene v. State,* 233 Md. 274, 196 A. 2d 454. Appellant also argues that he did not have the benefit of competent counsel because his appointed attorney was overwhelmed on the date of the trial by newly discovered evidence as to the true identity and the extensive criminal record of his codefendant. A search of the record reveals nothing which would support this bald allegation.

*Judgment affirmed.*