DONALD LEE MASON *v.* STATE OF MARYLAND

[No. 57, September Term, 1967.]

*Decided January 29, 1968.*

The cause was argued before Murphy, C. J., and Anderson, Morton, Orth, and Thompson, JJ.

*Archie D. Williams* for appellant.

*John J. Schuchman, Special Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *I. Elliott Goldberg, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

Per Curiam.

Appellant was tried under five separate indictments before a jury in the Criminal Court of Baltimore and found guilty of assault with intent to rape, burglary, and two counts of com-

mon law assault. He was sentenced to a total of thirty years imprisonment, the sentences on the common law assault counts being concurrent with the sentences imposed under the other two counts.

Appellant contends on this appeal that as a matter of constitutional law, the State's failure to provide him with counsel at his preliminary hearing necessitates reversal of his conviction. In *Timbers v. State,* 2 Md. App. 672, we held that the basic purpose of the preliminary hearing in Maryland is to determine whether to hold the accused for the action of the Grand Jury; that where (as here) the accused enters a plea of not guilty, (or no plea) at the preliminary hearing, such a hearing is not, of itself, and in the absence of unusual circumstances, such a critical stage in the judicial process as to require appointment of counsel for an indigent accused; and that although a preliminary hearing does, as an incidental by-product, afford some opportunity to an accused for discovery, the constitution does not, for that reason, require appointment of counsel at that non-critical stage of the proceeding. We adhere to these views and, therefore, find no merit in appellant's contention.

Appellant next contends that there was insufficient evidence to sustain his conviction for burglary. The elements necessary to constitute the crime of common law burglary (with which appellant was charged) include breaking and entering in the nighttime of a dwelling house of another with intent to commit a felony therein. *Reagan v. State,* 2 Md. App. 262; *Hall v. State,* 1 Md. App. 392. It is well settled that in prosecutions for burglary the intent may be inferred from the circumstances, *Irving v. State,* 230 Md. 364, and we have no difficulty, on the facts of this case, in concluding that appellant's intention at the time of breaking was either to steal or to rape or to commit both crimes.[1]

Appellant finally contends that the verdicts of the jury were so inconsistent as to be totally void, in that the jury returned not guilty verdicts on counts charging common law rape, assault with intent to rob, assault with intent to murder, common

---

1. That there were things of value within the dwelling is clear from the record.

law assault, rogue and vagabond, carrying a concealed weapon, and carrying a weapon openly with intent to injure. We disagree. In *Ledbetter v. State,* 224 Md. 271, it was held that a conviction on one count may stand even in the face of an inconsistent acquittal on another count. To the same effect, see *Williams v. State,* 204 Md. 55 and *Leet v. State,* 203 Md. 285. See also *Dunn v. United States,* 284 U. S. 390, 393, where Mr. Justice Holmes held that consistency in the verdict is not necessary since the verdict may have been the result of compromise or a mistake on the part of a jury; and *Steckler v. United States,* 7 F. 2d 59 (2d Cir.), where Judge Learned Hand observed, at page 60, that "the most that can be said in such cases is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant's guilt."

*Judgment affirmed.*