MORRIS SAMPLE a/k/a Edward Gatling a/k/a
Leonard Grier v. STATE OF MARYLAND

[No. 1170, September Term, 1975.]

*Decided November 3, 1976.*

The cause was argued before Marvin H. Smith and John C. Eldridge, Associate Judges of the Court of Appeals, and J. Harold Grady, Associate Judge of the Eighth Judicial Circuit, all specially assigned.

*Geraldine Kenney Sweeney, Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellant.

*Henry E. Dugan, Jr., Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, William A.*

*Swisher, State's Attorney for Baltimore City,* and *Michael Patryn, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

ELDRIDGE, J., delivered the opinion of the Court.

On this appeal from a conviction of storehouse breaking, we are presented with three questions: (1) whether a breaking *out* of a building is sufficient to satisfy the element of breaking required by the storehouse breaking statute, Maryland Code (1957, 1976 Repl. Vol.), Art. 27, § 32; (2) if a breaking out is sufficient and is the basis for satisfying the "breaking" element of the statute, whether the value of goods actually taken at the time of the breaking out, absent any other evidence of intent at that time, is determinative of the intent element of Art. 27, § 32; and (3) whether the trial court erred in imposing sentence prior to obtaining a pre-sentence report.

The defendant-appellant was tried without a jury in the Criminal Court of Baltimore on charges of storehouse breaking with intent to take goods of a value of one hundred dollars or more in violation of Art. 27, § 32, and related counts. Lester Holtz, manager of Honey's Saloon in Baltimore City, testified at the defendant's trial that on June 10, 1975, at about 2:00 a.m., he locked up the tavern and left the premises. Upon his return about two hours later, Mr. Holtz heard a noise coming from inside the tavern. He then went to the front door which, according to his testimony, was closed, but which had had its bolt and casing removed. Looking through a small peephole in the front door, Mr. Holtz observed the defendant shaking cigarettes out of a cigarette machine which had been taken apart. Mr. Holtz stepped to the street curb and signalled a passing police car for aid. He then returned to the front door and, when the defendant attempted to exit through the door, Mr. Holtz indicated that he slammed the door shut, trapping the defendant inside. The police then arrested the defendant.

Mr. Holtz further testified that a subsequent inspection of the premises revealed that "the back bar drawers had been ransacked and the cigarette machine was completely torn

apart and all the cigarettes were dumped on the floor." According to Mr. Holtz, all that was missing was approximately $5.00 which had been taken from the cigarette machine. The money was recovered following a search of the defendant. No tools or other implements used to force entry into the tavern were found.

At the trial the defendant testified that he did not force entry into the tavern but instead walked in through an open door. At the conclusion of all the evidence, he argued that he was entitled to an acquittal on the ground that the evidence did not reveal a breaking in. The trial judge rejected the argument, stating:

> "Well, you can break out of something just like you can break in. Breaking out has the element of breaking, doesn't it? Even if what he tells me is true, which I seriously doubt from all the evidence in this case, if he went in there—

> \* \* \*

> ". . . and if he comes out like the gentleman said he did, comes out pushing the door out, that's all you need. All you need is a slight movement. No, I have no doubt. I have no question. No doubt at all. Guilty as to the first count."

The trial court found the defendant guilty of storehouse breaking with intent to steal goods valued at one hundred dollars or more, and the defendant appeals from that judgment.

(1)

Although the record reflects evidence upon which the trial judge could have found that the defendant broke into the building, the trial judge based his decision solely on the testimony that the defendant broke out of the tavern. While indicating some doubt concerning the defendant's testimony that he walked through an open door, the court did not attempt to resolve the conflicting evidence concerning how entry was gained into the tavern. Rather, the court assumed

that the defendant did not break into the tavern and chose to base its decision on the evidence that the defendant broke out of the tavern. This is not, then, a case where either no reasons or alternative reasons were offered by the trial court for its decision, and where an appellate court could, pursuant to Maryland Rule 1086, review the evidence and affirm the judgment on one of several grounds. Rather, the decision in this case was based upon a limited finding that the defendant broke out of the tavern, and consequently our review is limited to that determination.

The defendant contends in this court that a conviction of storehouse breaking cannot be grounded upon breaking out of a building. Instead, he claims, the breaking must be to effectuate an entry. We disagree. In our view, a breaking out of the building satisfies the "breaking" requirement of Art. 27, § 32.

There has long been a controversy as to whether breaking to effectuate an entry must be established with regard to common law burglary and statutes codifying common law burglary. In England, prior to 1713, there were differing views with regard to whether entering a house without a breaking and subsequently breaking the close of the house in order to escape constituted a burglary. In 1713, the statute of 12 Anne 1, c. 7, § 3, settled the controversy by expressly providing that one who enters without breaking is nevertheless guilty of burglary if he broke out, provided all of the other elements of common law burglary were present.[1] R. M. Perkins, *Criminal Law*, Ch. 3, § 1, p. 197 (2d ed. 1969); Clark & Marshal, *Law of Crimes*, § 13.03, pp. 998-999 (7th ed. 1967).

The majority of American jurisdictions which have had an opportunity to decide the issue have determined that a breaking for purposes of escape without an initial breaking

---

1. The elements necessary to constitute the crime of common law burglary include a breaking, and an entry, in the nighttime, in a dwelling house of another, with intent to commit a felony therein. State v. Wiley, 173 Md. 119, 121, 194 A. 629, 630 (1937); Hannah v. State, 3 Md. App. 325, 239 A. 2d 124 (1968); Mason v. State, 2 Md. App. 768, 238 A. 2d 138 (1968); Hall v. State, 1 Md. App. 392, 230 A. 2d 473 (1967).

for entry was not a burglarious breaking.[2] Other states, however, have held that a breaking out, as well as in, is sufficient for conviction of burglary.[3] This issue, however, does not arise under our storehouse breaking statute.[4]

Art. 27, § 32, although a derivative of common law burglary, is not intended to constitute the technical crime of burglary. *Ball v. State*, 7 Md. App. 219, 254 A. 2d 367 (1969). *See Bowser v. State*, 136 Md. 342, 344, 110 A. 854, 855 (1920); *Leeds, Inc. v. Aetna Casualty & Surety Co.*, 40 F. Supp. 966, 970 (D. Md. 1941). Art. 27, § 32, provides in pertinent part:

> "Every person, his aiders, abettors, and counsellors, who shall be convicted of the crime of breaking a storehouse . . . warehouse or other outhouse . . . in the day or night with an inter ; commit murder or felony therein, or with the in . . . to steal, take or carry away the personal goods of another of the value of one hundred dollars ($100.00) or more therefrom, shall be guilty of a felony, and upon conviction sentenced to the penitentiary for not more than ten years."

The two essential elements of the offense are *breaking* and the requisite *intent*. Unlike common law burglary, the

---

**2.** State v. Ewing, 298 S.W.2d 439 (Mo. 1957); Casa v. State, 125 Tex.Crim.App. 186, 67 S.W.2d 288 (1934); Brown v. State, 55 Ala. 123, 28 Am. Rep. 693 (1876); Rolland v. Comm., 82 Pa. 306, 22 Am. Rep. 758 (1876); Adkinson v. State, 5 Baxt (Tenn.) 569, 30 Am. Rep. 69 (1875); White v. State, 51 Ga. 285 (1874); Wine v. State, 25 Ohio St. 69 (1874). The *Brown, Rolland* and *White* cases held that the statute of 12 Anne was not in force in their respective states. The other cases made no reference to the English statute.

**3.** State v. Bee, 29 S. C. 81, 6 S. E. 911 (1888); State v. Ward, 43 Conn. 489, 21 Am. Rep. 665 (1876) (statute of 12 Anne was declaratory of common law and incorporated in state law by adoption); State v. McPherson, 70 N. C. 239, 16 Am. Rep. 769 (1874). *See also* People v. Toland, 217 N. Y. 187, 111 N. E. 760 (1916) (statutory provisions expressly making breaking out a burglary in the 3rd degree).

**4.** Although *Kilty's Report of the British Statutes*, p. 186 (1811) expresses the view that the statute of 12 Anne 1, c. 7, § 3 (1713), "appears from some of the cases in the provincial court, to have extended to the province," Kilty nevertheless takes the position that it is not proper to be incorporated in the Maryland law. As we are not presented with the issue, we decline to decide the applicability of the statute to common law burglary or other statutory offenses requiring both a breaking and entry.

statute does not require proof of entry. In *Ball v. State, supra,* 7 Md. App. at 225, this court specifically rejected the argument that entry was an implicit element of storehouse breaking, finding it "abundantly clear that § 32 literally contains no 'entry' requirement and that this omission was not an oversight on the part of the General Assembly but a studied and deliberate deletion." In *Jennings v. State,* 8 Md. App. 312, 318, 259 A. 2d 543, 546 (1969), this court reiterated that the provisions of § 32 "require proof of breaking but do not require proof of an entry."

Thus under § 32, as indicated by the use of the term "breaking" rather than "break and enter" or "break into," proof of a breaking only is required, and a breaking out, as well as in, is sufficient to constitute this element of the offense.[5] *See* Clark & Marshall, *A Treatise on the Law of Crimes,* § 13.03, p. 999 (7th ed. 1967). In construing a statute similar to Art. 27, § 32, the Court of Appeals of Kentucky in *Lawson v. Commonwealth,* 160 Ky. 180, 183, 169 S. W. 587, 589 (1914), expressed the same view, stating:

> ". . . Proof of breaking of some sort is essential. . . . whether that breaking occurs before or after the theft does not alter or lessen the degree of the offense. . . .
>
> "Entry by breaking is not a requisite by our statute."

We conclude, therefore, that the trial judge, having found that the defendant broke out of the tavern, was correct in his holding that the element of breaking as used in the statute could be satisfied by a breaking out.

### (2)

The defendant next argues that there was a failure to prove that he intended to steal goods valued at one hundred dollars or more as required by Code, Art. 27, § 32. The

---

5. Vol. II, J. Bishop, *Criminal Law* § 99, p. 76 (9th ed. 1923), indicates that the question of whether or not a "breaking out" will be sufficient to constitute the element of breaking as required under various state laws "is settled by the express or implied terms of the statutes . . . ."

defendant contends that, in this instance, the actual value of the goods taken, approximately $5.00, precludes a finding that he had the requisite intent.

It is well settled that under our storehouse breaking statute, "the actual intention at the time of the breaking is controlling." *Ridley v. State,* 228 Md. 281, 282, 179 A. 2d 710 (1962). To the same effect, *see Pearre v. State,* 237 Md. 622, 624, 206 A. 2d 249 (1965); *Johnson v. State,* 5 Md. App. 540, 545, 248 A. 2d 663 (1968); *Robinson v. State,* 4 Md. App. 515, 530, 243 A. 2d 879 (1968); *Sparkman v. State,* 3 Md. App. 527, 532, 240 A. 2d 328 (1968); *O'Brien v. State,* 1 Md. App. 94, 97, 227 A. 2d 362 (1967). *See also People v. Hill,* 67 Cal. 2d 105, 60 Cal. Rptr. 234, 429 P. 2d 586, 596 (1967); *People v. Flores,* 86 Cal. App. 235, 260 P. 822 (1927); *Commonwealth v. Schultz,* 168 Pa. Super. 435, 79 A. 2d 109, 111-112 (1951); *Cohron v. State,* 400 S.W.2d 338, 339 (Tex.Crim.App. 1966).

Consequently, the value of the goods actually taken is not determinative of intent in the ordinary case where the breaking element of the statute is satisfied by a breaking *in.* The courts have consistently held in breaking *in* cases that, even though the defendant actually took less than one hundred dollars, an intention at the time of the breaking to take more than one hundred dollars may be established by reasonable inferences from the evidence. *Howard v. State,* 240 Md. 699, 213 A. 2d 288 (1965); *Pearre v. State, supra,* 237 Md. at 624; *Ridley v. State, supra,* 228 Md. at 282, and cases cited therein; *Hebb v. State,* 10 Md. App. 145, 268 A. 2d 578 (1970); *Johnson v. State, supra,* 5 Md. App. at 545; *Robinson v. State, supra,* 4 Md. App. at 530; *Moore v. State,* 3 Md. App. 676, 240 A. 2d 617 (1968); *Sparkman v. State, supra,* 3 Md. App. at 532; *O'Brien v. State, supra,* 1 Md. App. at 97. If the trial judge had found that the defendant had broken into the tavern, we would have less difficulty concerning the element of intent. The evidence in this case may have been sufficient to support a finding that the defendant harbored the requisite intent at the time of entry. "[R]ansacking of the drawers [was] sufficient to support a logical inference that the appellant intended to steal everything of value that he could find and carry away," *Ridley v. State, supra,* 228

Md. at 282. There does not have to be a showing that items of value were taken from the drawers, *Pearre v. State, supra,* 237 Md. at 624. Mr. Holtz, the manager of the tavern, testified that the estimated value of the liquor inventory was in excess of $500.00. Had the trial judge's decision been based upon a breaking in, the testimony with respect to "the value of the contents of the building where the breaking occurred" may have established the requisite intent under § 32. *Johnson v. State, supra,* 5 Md. App. at 545. *See also Howard v. State, supra,* 240 Md. at 700; *Hebb v. State, supra,* 10 Md. App. at 149; *Sparkman v. State, supra,* 3 Md. App. at 533.

However, the trial judge in the instant case based his decision on a finding that the defendant broke *out* of the building, and we are forced, therefore, to focus upon his intention at that time as the controlling time under the statute. The circumstances indicate that the defendant was attempting to effectuate an escape at the time of his "breaking." Therefore, in the absence of any other evidence of intent at the time of breaking, the actual value of the goods taken would appear to be determinative of intent. Upon being searched by the officer, the defendant was found to have taken approximately $5.00 in change from the cigarette machine. The fact that he took only $5.00 and not more establishes, absent any evidence to the contrary, that he did not intend *at the time of the breaking out* to "take or carry away the personal goods of another of the value of one hundred ($100.00) or more." And, as pointed out above, it is the intent at the time of the breaking which is controlling, *Ridley v. State, supra,* 228 Md. at 282.

We conclude that, under the circumstances of this case, and in light of the trial court's basing its decision upon a breaking out, there was a failure to show that the defendant intended to steal $100.00 or more at the time of the breaking. Absent this essential element of the crime, the conviction must be reversed.

(3)

Because the judgment in this case must be reversed, it is not necessary to reach the defendant's final contention

concerning the trial court's imposing sentence without first obtaining a pre-sentence report. Nevertheless, because there will have to be a new trial in the case which may result in another conviction, we will address the question. The defendant argues that the trial judge's refusal to order a pre-sentence investigation at defense counsel's request was a denial of due process of law. The argument is without merit. Whether or not a court orders a pre-sentence investigation in a particular case is within the discretion of the court. *Callahan v. State*, 30 Md. App. 628, 636, 354 A. 2d 191 (1976); *Church v. State*, 5 Md. App. 642, 646, 248 A. 2d 907 (1969); *Turner v. State*, 5 Md. App. 584, 593, 248 A. 2d 801 (1968); Maryland Rule 761 c. There was no abuse of that discretion in this case.

*Judgment reversed.*
*Case remanded for a new trial.*
*Costs to be paid by Baltimore*
   *City.*