ADAM ROBINSON *vs.* THE STATE OF MARYLAND.

*Evidence admissible under an Indictment for Burglary.*

R. was indicted for feloniously and burglariously breaking and enter-
ing in the night time, the dwelling house of one M., with intent
the goods and chattels of M., then and there being, feloniously to
steal, take and carry away. At the trial R. offered to prove that
M. was a lewd woman, and that he had had improper intimacy with
her; which evidence the Court below refused to admit. On excep-
tion, it was HELD:

That as one of the elements essential to constitute the crime of burg-
lary, is the felonious intent with which the breaking and entry of
the house may have been effected, it was very material to show for
what object R. broke and entered the house; and that, if he entered
the house solely for the purpose of having illicit connection with
M., he could not be found guilty of burglary.

APPEAL from the Circuit Court for Frederick County.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., GRASON,
MILLER, ALVEY, ROBINSON and IRVING, J., for the appellant,
and submitted for the appellee.

*William P. Maulsby, Jr.,* for the appellant.

The traverser had the right to show the prosecuting
witness' lewd conduct with other men communicated to
him, and improper intimacy with other men and him-
self, as facts and circumstances from which the jury might
infer his intent in entering the house. 2 *Wharton Am.
Crim. Law,* 1598, 1601, 1606; 2 *Bishop Crim. Law, sec.*
110; 1 *Bishop Crim. Law, secs.* 735, 736; *Roscoe's Crim.
Ev.,* 366; 3 *Greenl. Ev., sec.* 15.

*Charles J. M. Gwinn, Attorney General,* for the appellee.

It was necessary under the indictment in this case to aver and prove the felonious intent of the appellant. It was not needful that this proof should consist of direct and irrefragable evidence. It seldom happens that such proof can be offered. There is no difference between the rules of evidence in civil and criminal cases. *The King vs. Burdett,* 4 *Barn. & Ald.,* 121, 6 *E. C. L.,* 363, BEST, J. We are not to imagine that any fact exists, when there is no evidence to raise the presumption that such fact does exist. But when, in any case, one or more circumstances are proved, from which our experience enables us to ascertain that another circumstance, not directly proved, must be true, we are authorized to presume that such other thing is true, although it be not otherwise proved than by such presumption. *Ibid,* 6 *E. C. L.,* 363. "The very fact of a man breaking and entering a dwelling house, in the night time, is strong presumptive evidence that he did so with intent to steal, and the jury will be warranted in finding him guilty, unless the contrary be proved." 2 *Wharton on Crim. Law,* (7th *Ed.,*) *sec.* 1600; *Rex vs. Brice,. Russ. & Ry. C. C.,* 450, 451.

It was immaterial to attempt to show in this case that previous improper intimacy had existed between the appellant and the wife of the man whose house was entered. There was no offer of proof on the part of the appellant that he entered the house upon the invitation of the woman, or with her consent. There was, on the contrary, proof in the case that the prisoner must have entered the house without her knowledge, at night, and by force. If the woman was of loose and immoral character, and had previously held improper relations to the appellant, and the proof showed that he forcibly entered her house in the night, without her consent, the presumption is—and by such presumption I mean, the "superior proba-

bility," 6 *E. C. L.*, 363, that he made such forcible entry, not for the purpose of committing adultery, but with the intent to steal. *Rex vs. Brice, Russ. & Ry. Cr. Cases*, 450, 451; and this presumption, founded upon proved existing facts, could not be rebutted by any conjecture founded on the loose or immoral conduct of Mrs. Morgan at prior periods of time.

ALVEY, J., delivered the opinion of the Court.

The indictment in this case charges the prisoner with feloniously and burglariously breaking and entering, in the night time, the dwelling house of one Morgan, *with intent* the goods and chattels of the said Morgan, then and there being, feloniously to steal, take and carry away.

According to the common law definition of a burglar, as given us by Lord COKE (3*rd Inst.*, 63), it is "he that in the night-time breaketh and entereth into a mansion-house of another, of intent to kill some reasonable creature, or to commit some *other felony* within the same, whether his felonious intent be executed or not." .This definition has been adopted by Hale, Hawkins, and Blackstone. 1 *Hale P. C.*, 549; *Hawk. P. C.*, b. 1, c. 38, *sec.* 1; 4 *Black. Com.*, 224.

One of the elements essential to constitute the crime, according to this definition, is the felonious intent with which the breaking and entry of the house may have been effected. If not with such intent, then the breaking and entry would be, at the common law, nothing more than a trespass. 4 *Black. Com.*, 227. Therefore, the breaking and entry of a dwelling house at night, with intent to commit a battery, or with an intent to commit adultery, is not a felony. *Comm. vs. Newell*, 7 *Mass.*, 247; *State vs. Cooper*, 16 *Vt.*, 551.

It was therefore very material, on the question of intent, to show for what object the prisoner broke and entered the house. If he really entered the house solely for

the purpose of having illicit connection with the prose-cuting witness, he could not be found guilty of burglary. Proof of the fact of such being his object would be difficult to furnish otherwise than as it might be inferred from the previous relations of the parties, and such circumstances as would be calculated to induce a belief in the mind of the prisoner that he would be readily and willingly received by the witness. We gather from the testimony that the witness, Mrs. Morgan, was a licentious, dissolute woman, and she herself proves that the prisoner had, upon two former occasions at least, been to see her, and had visited other women in the same house. The entry into the house was in the absence of the husband of the witness, and when the prisoner was first discovered he was in her bed-room. Upon being accosted by the witness, instead of trying to conceal his identity, he gave his name and sought recognition. With these facts in proof, we think the evidence offered by the prisoner, as set out in the bills of exception, when coupled as it was with the proffers to follow it up in the manner stated in the exceptions, should have been admitted. If it be true as offered to be shown, that the prisoner had knowledge, at the time of his entry into the house, of the lewd and lascivious habits and character of the witness, or that he had had improper intimacy or intercourse with her, these were circumstances proper to be left to the jury for their consideration in passing upon the question of intent with which the act was done.

We must therefore reverse the rulings contained in the exceptions, and award a new trial.

*Rulings reversed, and*
*new trial awarded.*

(Decided 10th March, 1880.)