## HANSON v. WARDEN, MARYLAND, PENITENTIARY.

No. 6421.

United States Court of Appeals
Fourth Circuit.

Argued June 16, 1952.

Decided July 18, 1952.

Jerome S. Hanson, pro se.

Kenneth C. Proctor, Asst. Atty. Gen. of Maryland, (Hall Hammond, Atty. Gen. of Maryland, on brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM. .

This is an appeal from an order denying a petition for a writ of habeas corpus. Appellant is imprisoned under a sentence of five years imposed by a Maryland state court when he pleaded guilty to a count of an indictment charging violation of section 34 of Article 27 of the Maryland Code, making it a crime punishable by not more than 10 years imprisonment to break into a storehouse or warehouse with intent to steal goods of. a value of more than twenty-five dollars. Appellant complains because a subsequent count of the indictment charges larceny. of goods of a value of less than twenty-five dollars. He complains also that he was not represented by counsel and that a confession by him was not properly obtained. Similar petitions have been denied by the courts of Maryland with denial of certiorari by the Supreme Court of the United States. Hanson v. Warden, Md., 75 A.2d 924, certiorari denied 340 U.S. 879, 71 S.Ct. 118, 95 L.Ed. 639; Hanson v. Warden, Md., 83 A.2d 927, certiorari denied 342 U.S. 898, 72 S.Ct. 234.

It is perfectly clear that the petition for habeas corpus and the appeal from the order denying it are entirely without merit. The confession complained of is without importance in view of the prisoner's plea of guilty, and failure to provide counsel in a state court, where the offense is not punishable by death, does not of itself amount to a denial of due process. Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595. So far as the length of sentence is concerned, it is within the limits authorized by statute for the offense charged in the indictment and to which appellant pleaded guilty, and his guilt of this offense is not negatived by reason of the fact that a subsequent count of the indictment charged larceny of goods of a less value than that charged in the breaking and entering count. We are without jurisdiction to entertain the appeal, however, and must dismiss it because there is no certificate of probable cause for the appeal signed by the judge below, as required by 28 U.S.C.A. § 2253. Berman v. Swenson, Warden, 4 Cir., 177 F.2d 717; Bernard v. Brady, Warden, 4 Cir., 164 F.2d 881.

Appeal dismissed.