## BOWERS ET AL. *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

(Two Applications in One Record)

[H. C. No. 59, September Term, 1957.]

*Decided January 23, 1958.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

HAMMOND, J., delivered the opinion of the Court.

These are two applications in one record for leave to appeal from denials of writs of *habeas corpus* by Judge Henderson of the Circuit Court for Allegany County. Each applicant

was separately indicted by the Grand Jury of Washington County for two offenses: unlawfully breaking into the Hagerstown Dairy in the night time under Code, 1957 Supp., Art. 27, Sec. 407; and breaking into the Always Drive-In Restaurant in the night time with intent to commit a felony therein, under Code, 1951, Art. 27, Sec. 38.

The applicants were arrested on November 15, 1956, and indicted the next day. On November 19, 1956, both were arraigned, pleaded not guilty, and were appointed counsel. The pleas of not guilty were withdrawn at trial on November 27, 1956, and pleas of guilty entered. Each applicant was sentenced to eighteen months in the Hagerstown Dairy case and three years in the Drive-In case, the latter sentence to run consecutively to the former.

Applicants' complaints, which essentially are the same, follow: (1) they were denied preliminary hearings; (2) their arrest on November 15, 1956, was improper and irregular in that they were denied the right to be taken immediately before a committing magistrate who could order their legal confinement; (3) they were denied counsel awaiting arraignment; (4) they were misled by counsel appointed by the court at the time of their arraignment; (5) their three-year sentence was excessive, in that the maximum legal sentence was eighteen months; (6) they were illegally denied bail; (7) they were sentenced on the basis of their past records.

Lack of a preliminary hearing cannot be raised on *habeas corpus*. *Pritchard v. Warden*, 209 Md. 662, 664. Neither denial of bail nor the irregularity of an arrest may be inquired into on *habeas corpus* after trial and conviction. *Daisey v. Warden*, 203 Md. 653, 654; *Jackson v. Warden*, 211 Md. 599, 600.

Applicants' claim that they were sentenced on the basis of their previous records could have been raised on appeal but cannot be on *habeas corpus*. *Paff v. Warden*, 200 Md. 660, 661.

Applicants complain first that they were not given benefit of counsel before arraignment. They pleaded not guilty and no prejudice is shown, assuming, without deciding, that the

point could be raised on *habeas corpus*. They say further that the counsel whom the court appointed for them before trial misled them, although they fail to state in what manner. Incompetence or ineptness of counsel cannot be raised on *habeas corpus,* absent allegation of fraud, bad faith, or collusion with any officer of the State. *Jackson v. Warden,* 211 Md. 599, 601, *supra.*

Applicants contend that their three-year sentences in the Drive-In case were illegal, in that they exceed the maximum sentence of eighteen months provided by Code, 1957 Supp., Art. 27, Sec. 407. They were, however, convicted under indictments which charged a felonious breaking in under Sec. 38 of Art. 27, for which a maximum sentence of ten years is provided. This application is premature, in any event, since the applicants have not served that portion of the sentence which they concede was within the power of the trial court to impose. *Roberts v. Warden,* 206 Md. 246, 251, *et seq.*

*Applications denied, with costs.*