## CLEMONS v. STATE

[No. 253, September Term, 1961.]

*Decided April 5, 1962.*

Submitted on brief to HENDERSON, HAMMOND, PRESCOTT, HORNEY and SYBERT, JJ.

Submitted on brief by *Harry A. Cole,* for appellant.

Submitted on brief by *Thomas B. Finan, Attorney General, Louis E. Schmidt, Special Assistant Attorney General, Saul A. Harris* and *Julius Romano, State's Attorney* and *Assistant State's Attorney,* respectively, for Baltimore City, for appellee.

PER CURIAM.

Convicted of burglary and sentenced to five years, the appellant challenges the sufficiency of the evidence, in a trial before the court without a jury, to establish the requisite intent to steal.

After Mr. and Mrs. Sherman had locked their house and retired for the night, she heard a noise downstairs at about 1 A. M., and he went to investigate. He leaned over the banister, and almost collided with a man coming up the stairs, who turned and fled when Mr. Sherman yelled at him. A police officer who saw the appellant running out of the screen door and across the porch pursued and captured him. Mr. Sherman identified him as the person who had been in his home. The appellant had in his hip pocket an implement resembling a painter's scraper with a razor blade attachment. Entry had evidently been made by removing a window screen and opening a kitchen window.

Counsel for the appellant concedes that there was sufficient evidence of a breaking and entering, but contends that where nothing is taken, there must be proof of some fact or circumstance or act or declaration of the prisoner, in addition to the proof of the mere breaking and entering, from which the trier of the facts can find the intent to take and carry away the goods and chattels of the owner. See *Felkner v. State,* 218 Md. 300, 307. But we think an inference of intent can be drawn from the circumstances of the instant case. It is not without significance that no other motive was shown. Cf. *Robinson v. State,* 53 Md. 151. Again, the facts that the house contained articles of value, and that the accused was accosted while ascending to the second floor and thus deprived of the opportunity of taking anything, are relevant. See *Steadman v. State,* 8 S. E. 420 (Ga.), and Clark & Marshall, *Crimes* (6th ed.), § 13.08. Cf. *State v. Wiley,* 173 Md. 119, 123 and *Williams v. State,* 205 Md. 470, 480. We find no force in the suggestion that because he had been previously convicted of being a "peeping Tom", he had a similar motive in breaking and entering at the time and under the circumstances described. Obviously, the trial court was not obliged to believe the appellant's testimony that he never entered the house at all. We think the circumstances support the inference of a larcenous intent which the trial court drew.

*Judgment affirmed.*