## RIDLEY v. STATE

[No. 225, September Term, 1961.]

*Decided April 10, 1962.*

The cause was argued before HENDERSON, HAMMOND, PRESCOTT, HORNEY and SYBERT, JJ.

*Daniel Murnane Mackey* for appellant.

*Gerard Wm. Wittstadt, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Saul A. Harris, State's Attorney* and *James McAllister, Assistant State's Attorney,* on the brief, for appellee.

PER CURIAM.

Appellant was found guilty, in a non-jury trial, of breaking and entering a warehouse with intent to steal property

282

therefrom feloniously (Code [1961 Supp.], Art. 27, Sec. 32), and, after receiving a ten-year sentence, has appealed.

He raises two contentions: (1) insufficiency of the evidence of *felonious* intent, and to establish that he broke into the premises; and (2) the sentence imposed was not proper. Neither contention presents anything new, and both are unsubstantial.

The evidence, and rational inferences therefrom, disclose: that the warehouse was securely locked by the manager of its owner on the evening of August 5, 1961; sometime between 2:30 a.m. and 4:30 a.m. appellant entered the premises by pushing in a window on the second floor; the desk drawers in the office were pulled out and their contents dumped on the floor (although nothing of value was found therein); appellant then ransacked the second floor, and pried open drawers of a desk located in one of the offices thereon; he, unintentionally, set off a burglar alarm, and the police arrived shortly thereafter.

Appellant argues that the State failed to establish an intent on his part to steal goods of the value of $100, or more. The argument needs no elaborate discussion. The actual intention at the time of the breaking is controlling, not whether any goods of value were found and stolen, and the intention may be inferred from the circumstances. *Shipley v. State,* 220 Md. 463, 154 A. 2d 708; *Holtman v. State,* 219 Md. 512, 150 A. 2d 223; *Clemons v. State,* 228 Md. 237; *Felkner v. State,* 218 Md. 300, 146 A. 2d 424; *Cooper v. State,* 220 Md. 183, 152 A. 2d 120. The early-morning hour of the entering and the ransacking of the drawers were sufficient to support a logical inference that appellant intended to steal everything of value that he could find and carry away. *Holtman v. State, supra.*

The contentions concerning the alleged failure to prove that appellant broke in and the sentence are frivolous. He claimed he walked into the premises by way of an open garage door. The trial judge was not obliged to accept his version of the entering. *Hyde v. State,* 228 Md. 209. We stated above the evidence was sufficient to support a finding that appellant en-

tered through the second-story window. The sentence was within the limits authorized by the statute; hence it was not illegal, *Bowers v. Warden,* 215 Md. 634, 137 A. 2d 645, nor excessive. *Hanson v. Warden,* 198 F. 2d 470 (4th Cir. 1952).

*Judgment affirmed.*