CHARLES LOUIS HEBB AND LARRY LEONARD
HOLLAND *v.* STATE OF MARYLAND

[No. 421, September Term, 1969.]

*Decided August 12, 1970.*

The cause was argued before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Calvin E. Johnson* and *Harvey A. Blum,* with whom was *Andrew J. Graham* on the brief, for appellants.

*G. Darrell Russell, Jr., Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Howard L. Cardin, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

ANDERSON, J., delivered the opinion of the Court.

Appellants, Larry Leonard Holland and Charles Louis Hebb, were tried on July 15, 1969 in the Criminal Court of Baltimore in a non-jury trial by Chief Judge Dulany

Foster upon an indictment charging storehousebreaking and related offenses. Appellant Holland was found guilty under the third count of the indictment, attempted storehousebreaking, and sentenced to five years under the jurisdiction of the Department of Correctional Services. Appellant Hebb was found guilty under the third count of the indictment, attempted storehousebreaking, and under the fifth count, rogue and vagabond, and was sentenced generally to ten years under the jurisdiction of the Department of Correctional Services. On appeal the appellants raise five questions, namely:

1) Was the evidence at trial as to appellants Holland and Hebb sufficient to convict them of attempted storehousebreaking?

2) Was the evidence at trial as to appellant Hebb sufficient to convict him of being a rogue and vagabond; and if so, did his conviction merge into the offense of attempted storehousebreaking?

3) Did the court err in admitting into evidence State's exhibit #3, an axe found upon the premises of the storehouse?

4) Was appellant Hebb denied a fair trial by the conduct of the trial judge?

On April 4, 1969 Officer Charles Mitchell of the Baltimore City Police Department received a call at approximately 6:30 p.m. that a burglary was in progress at the Wonderland Bar located at 2045 Pennsylvania Avenue. Upon arrival at 2045 Pennsylvania Avenue at approximately 6:33 p.m., Officer Mitchell and Officer Charles Couch went into the alley behind the premises. As they entered the alley, Officer Mitchell saw a Negro male, subsequently identified as appellant Charles Hebb, on the ground in the enclosed yard behind the Wonderland Bar. Testimony revealed that the yard was enclosed with a six foot chain link fence. The only gate was chained and locked. As the police officers approached, Hebb attempted to jump over the fence and in doing so tore down the

gate. He was then apprehended by Officer Couch. At the same time Officer Mitchell observed Larry Holland standing in the alley outside of the yard behind the Wonderland Bar. As Officer Mitchell proceeded down the alley, appellant Holland fled and was apprehended. Subsequent to the arrests, Officer Mitchell climbed the fire escape on the rear of the Wonderland Bar onto the roof. There he observed that a hole had been "chopped" in the top of the roof and he also found a long handle axe approximately two feet from the hole in the roof.

Mr. Morris Weiss testified that he was the owner and proprietor of the Wonderland Bar. He stated that he had closed and locked the establishment at 5:00 p.m. and as he left the bar he encountered the appellants Holland and Hebb who stated, "We are going to get you tonight."

## I

Storehousebreaking with the intent to steal $100. or more is proscribed by Maryland Code, Article 27, § 32, which states: "Every person, his aiders, abettors and counsellors, who shall be convicted of the crime of breaking a storehouse . . . with the intent to steal, take or carry away the personal goods of another of the value of one hundred dollars ($100.00) or more therefrom, shall be guilty of a felony, and upon conviction sentenced to the penitentiary for not more than ten years." Appellants were convicted of an attempt to commit this felony. The test of the sufficiency of the evidence in a non-jury case is whether the evidence, if believed, either shows directly or supports a rational inference of the facts to be proved, from which the court could fairly be convinced, beyond a reasonable doubt, of the defendant's guilt of the offense charged. *Gray v. State*, 4 Md. App. 175. While it is true that the mere presence of a person at the scene of a crime is not of itself sufficient to establish that the person committed the crime, it is an important element in determining the guilt of an accused individual. *Ball v. State*, 7 Md. App. 219.

The evidence showed that a hole had been "chopped"

in the roof of the storehouse; that some three minutes elapsed between the time of notification to the police and their arrival at the scene; that when the police arrived the appellants fled from the scene; and that one of the appellants was inside the enclosed yard of the Wonderland Bar. The lower court could infer from these facts that the appellants had attempted to break the roof of the Wonderland Bar but had been interrupted by the police and were apprehended as they sought to flee from the scene of their crime.

Appellant Hebb's challenge to the sufficiency of the evidence is aimed primarily at the proof that the storehouse contained in excess of $100. Hebb maintains that in order to have convicted him, the trial court needed to have before it positive evidence that the storehouse contained goods in excess of $100. We do not agree. The language of the statute is "intent to steal goods of the value of $100. or more." Perhaps the most conclusive method of proving the element of intent is to establish the value of the goods actually stolen. Another method is to establish, by appropriate testimony, the value of the contents of the building where the breaking occurred, and it is upon this method and the failure of the State to produce such evidence that the appellant relies. But these are not the sole methods, for the proof of the intention to steal $100. or more may be inferred from the circumstances. See *Johnson v. State,* 5 Md. App. 540 and cases cited therein. In *Ridley v. State,* 228 Md. 281 the Court of Appeals held that the evidence was sufficient to convict even though there was no testimony as to the value of the contents of the building where "the early-morning hour of the entering and the ransacking of the drawers were sufficient to support a logical inference that appellant intended to steal everything of value that he could find and carry away." The attempt by the appellants to enter a storehouse (which they knew carried a substantial inventory) in the nighttime, with an axe, was sufficient to support a rational inference that they intended to steal everything of value that they could find and carry away.

## II

Appellant Hebb contends that the evidence was insufficient to convict him under the fifth count of being a rogue and vagabond as proscribed by Article 27, § 490, Maryland Code. If his conviction was proper, he further contends that it merges into his conviction of attempted storehousebreaking.

We cannot say that the lower court was clearly erroneous in its finding of guilt under the fifth count (rogue and vagabond) since he entered the enclosed yard or area belonging to the storehouse with intent to steal goods and chattels and was arrested while attempting to leave the enclosed yard. Maryland Rule 1086. See *Wilson v. State,* 7 Md. App. 41.

However, we further find that under the circumstances of this case his conviction of rogue and vagabond merges into his conviction of attempted storehousebreaking. In order to sustain each charge two common elements must be proved, namely, the presence of the defendant Hebb in and upon the enclosed yard of the storehouse and the intent to steal goods and chattels therein. Under the third count an attempted breaking must be proved, which is not necessary to be proven under the fifth count. We conclude therefore upon his conviction on the third count the lesser offense charged in the fifth count was merged therein and we must vacate the verdict and sentence imposed under the fifth count. *Sparkman v. State,* 3 Md. App. 527; *Shifflett v. State,* 3 Md. App. 550; *Burton v. State,* 7 Md. App. 671. We note, however, that although appellant Hebb was convicted on two counts, a general sentence of ten years was imposed and that the said sentence did not exceed the maximum that could be imposed under the common law.

## III

Appellant Hebb next contends that the court erred in admitting over objection the axe found on the roof of the premises known as the Wonderland Bar. We have on numerous occasions stated that evidence need not be positively connected with the accused or the crime committed

in order to be admissible; it is admissible where there is a probability of its connection with the accused or the crime. *Woodell and Mercer v. State,* 2 Md. App. 433. The axe having been found two feet from a hole which had been chopped in the roof of the Wonderland Bar, there was a probability that it was connected with the attempted storehousebreaking and it was therefore admissible.

IV

Appellant Hebb finally contends that he was denied a fair trial by the conduct of the trial judge. Specifically he maintains that the trial judge abused his discretion in asking the witnesses numerous questions and adducing all of the material evidence for the State. An accused in a criminal proceeding who desires to preserve for review on appeal a complaint of an alleged impropriety or of a remark made by the trial judge during his trial should either move to strike it out or in the alternative move for a mistrial. *Brown v. State,* 236 Md. 505. The appellant not having taken either of these actions may not now raise this question for the first time on appeal. Maryland Rule 1085.

> *As to appellant Holland judgment affirmed under the third count.*
>
> *As to appellant Hebb judgment affirmed under the third count; judgment vacated as to the fifth count as merging with the third count.*