112 N.J. Super. 552 (1970)
272 A.2d 289
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
RICHARD MARTINEZ, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 8, 1970.
Decided December 28, 1970.
Before Judges KILKENNY, HALPERN and LANE.
*553 Mr. Daniel R. Coburn, Assistant Deputy Public Defender, argued the cause for appellant (Mr. Stanley C. Van Ness, Public Defender, attorney; Mr. Coburn on the brief).
Mr. James A. Carey, Assistant Prosecutor, argued the cause for respondent (Mr. Vincent P. Keuper, Monmouth County Prosecutor, attorney).
The opinion of the court was delivered by HALPERN, J.A.D.
Defendant was convicted by a jury of breaking and entering Saint Agnes Church, of Atlantic Highlands, with intent to steal, in violation of N.J.S.A. 2A:94-1. His indeterminate term to the New Jersey Reformatory for males was suspended, and he was fined and placed on probation for two years. The appeal is from the judgment of conviction.
The jury could have found from the State's proofs that defendant, Jeffry McCann and Raymond Piano broke and entered Saint Agnes Church about 1 A.M., on June 4, 1969. Although nothing had been stolen, some things had been tampered with  i.e., a chalice cloth bag with a quarter in it and some keys were taken from the church safe and found within the church; and a smoldering candle was found in a glass holder. The police found the three intruders hiding in the basement.
By way of defense the defendant and his witnesses testified that McCann had been thrown out of his sister's home where he resided, and they had entered the church to sleep for the night. Defendant denied touching or stealing anything, but intimated that his companion, Raymond Piano (who previously had pled guilty), was running around in the church and misplaced the church property.
The narrow issue before us is whether the trial judge committed prejudicial error in his supplemental charge to the jury.
*554 N.J.S.A. 2A:94-1 provides:
Any person who willfully or maliciously breaks and enters, or enters without breaking, any building, structure, room, ship, vessel, car, vehicle or airplane, with intent to kill, kidnap, rob, steal, commit rape, mayhem or battery, is guilty of a high misdemeanor.
In his original charge the trial judge read the indictment and the pertinent part of the statute to the jury and properly instructed them on all the elements constituting the crime charged. After deliberating for about two hours the jury inquired: "Is the intent to steal before entering presumed if they decided to steal after they got into the church?" The trial judge responded:
Well, I charge you, as I did in the main charge, that intent is to be derived not only by the oral testimony in the case but by the actions of the various people concerned. Intent is usually a secret matter and therefore is not subject to a clear exposition that at this moment I intended to do this thing, at that moment I intended to do another.
Now, to answer your question specifically I charge you that if at any time after they entered the church the specific intent to commit larceny was formed or the specific intent to steal was formed that intent will relate back to the moment of entry. In other words, this is an integrated completed crime. It had its beginning when they broke and entered or entered without breaking the church and whatever they did inside it is an integrated whole and no matter at what point during that series of events the specific intent was formed, if it was formed, that specific intent will relate back to the beginning of the acts that constitute the crime.
Appropriate objection was made to the supplemental charge. In about 45 minutes the jury returned a verdict of guilty. On defendant's motion for a new trial based on the alleged error in the supplemental charge, the trial judge, with commendable frankness said:
* * * if you intend to take an appeal, and I hope you do because I think this area of the law needs clarification, I will state specifically at this time that I am firmly convinced that the jury returned the verdict that they did on the basis of my supplemental charge, so that we can clearly confront the problem. The motion is denied.
*555 The State's statement in lieu of brief makes no effort to support the legal position adopted by the trial judge, but argues that the original and supplemental charges must be considered as a whole to determine "whether the charge in its entirety was ambiguous or misleading."
The provisions of N.J.S.A. 2A:94-1 make it mandatory that the statutory intent to steal must coexist with the breaking and entering, or entering without breaking, before one is guilty under the statute. The language used leaves no room for a contrary construction. No reported New Jersey decision has been called to our attention dealing with a situation where the criminal intent was formed after the unlawful entry, nor has our independent research revealed any such case.
Decisions and legal texts supporting our view are State v. O'Leary, 31 N.J. Super. 411 (App. Div. 1954); Ridley v. State, 228 Md. 281, 179 A.2d 710, 711 (Ct. App. 1962); People v. McCombs, 94 Ill. App.2d 308, 236 N.E.2d 569 (Ct. App. 1968); People v. Weaver, 41 Ill.2d 434, 243 N.E. 2d 245, 248 (1968), cert. den. 395 U.S. 959, 89 S.Ct. 2100, 23 L.Ed.2d 746 (1969); Conrad v. State, 154 Tex. Cr. R. 624, 230 S.W.2d 225, 226 (Tex. 1950); Fletcher v. Robbins, 234 A.2d 636 (Me. Sup. Jud. Ct. 1967); 2 Wharton's Criminal Law and Procedure, § 408 at 26-29 (1957); Underhill's Criminal Evidence (5th ed.), § 717; 12 C.J.S. Burglary § 2, and Perkins on Criminal Law, at 166 (1954).
Because the language used in N.J.S.A. 2A:94-1 is so clear that the intent to steal must accompany the unlawful entry, the New Jersey courts have had no occasion to squarely decide the issue. See State v. Tassiello, 75 N.J. Super. 1 (App. Div. 1962), aff'd 39 N.J. 282 (1963); State v. Papitsas, 80 N.J. Super. 420 (App. Div. 1963). This is also evident in State v. Young, 57 N.J. 240, (decided December 7, 1970), wherein Chief Justice Weintraub reviewed various criminal statutes which required proof of an unlawful intent with an unlawful act. In discussing *556 N.J.S.A. 2A:149A-2, which makes it a misdemeanor for certain persons to enter a school with the intent to disrupt classes, he said, "The offense being the entry with the forbidden purpose, the offense was complete when defendant entered the school. Thus, the later events were of no moment except insofar as they might evidence the intent with which he entered the premises." And again, when analogizing the intent referred to in N.J.S.A. 2A:149A-2 with N.J.S.A. 2A:94-1, he said "It is not inherently wrong to enter a `building, structure, room, ship, vessel, car, vehicle or airplane' but it is a high misdemeanor to enter `with intent to kill, kidnap, rob, steal, commit rape, mayhem or battery.'"
In summary, the trial judge should have instructed the jury that the State must prove beyond a reasonable doubt that defendant:
(a) Broke and entered the church, or
(b) Entered without breaking, and
(c) At the time of breaking and entering, or entering without breaking, he intended to steal money, goods and chattels of the Saint Agnes Church, and
(d) That such intent to steal may be inferred from what transpired after the unlawful entry occurred.
Reversed and remanded for a new trial.