IN RE: JOHN A.

[No. 404, September Term, 1979.]

*Decided January 9, 1980.*

The cause was argued before LOWE, MACDANIEL and WEANT, JJ.

*John W. Sause, Jr., District Public Defender,* with whom was *Harry J. Goodrick, Assistant Public Defender,* on the brief, for appellant.

*Thomas P. Barbera, Assistant Attorney General,* with whom were *Stephen H. Sachs, Attorney General, Donaldson C. Cole, Jr., State's Attorney for Cecil County, Joseph J. Mahoney* and *John L. Scarborough, Assistant State's Attorneys for Cecil County,* on the brief, for appellee.

LOWE, J., delivered the opinion of the Court.

Accused of delinquency, John A. was brought before the Circuit Court for Cecil County sitting as a juvenile court to defend against two charges. The acts with which he was accused would have constituted, if proven against an adult, the crimes of trespass and daytime housebreaking with the intent to steal.[1] The evidence indicated that one rainy afternoon John A. had entered what appears to have been an unoccupied summer cottage at Crystal Beach. While there he admitted having smoked a cigarette. John A. left and went to "Big Bills, Bill Johns", from whence he subsequently saw smoke coming from the cottage. Sensing responsibility for the fire, he alerted Big Bill to help and had a neighbor call the fire company.

Although appellant's admission placed him within the premises, there was no evidence that he had "been duly notified not to so enter"; consequently the chancellor dismissed the trespass charge. But despite the evidence of breaking having been circumstantial and inferentially slim, the chancellor found John A. delinquent for having broken into the dwelling house —

> "with the intent to commit a certain felony therein, to wit: intent to steal, take and carry away the goods,

---

1. The facts upon which the allegation is based are as follows: "On or about October 16, 1978, John A. .... unlawfully did break into the dwelling house of James Andrew Restaneo located at Crystal Beach Manor, Earleville, Maryland, in the daytime, with the intent to commit a certain felony therein, to wit: intent to steal, take and carry away the goods, chattels, monies and properties of James Andrew Restaneo valued at One Hundred Dollars, and upwards, current money, in violation of Article 27, Section 30 of the Annotated Code of Maryland; unlawfully did enter upon the land, premises or property, known as Crystal Beach Manor, Earleville, Maryland, after having been duly notified not to so enter or after having been requested to leave said premises and having refused to do so in violation of *Article 27, Section 577 of the Annotated Code of Maryland.*"

chattels, monies and properties . . . valued at One Hundred Dollars, and upwards. . . ." [2]

In that regard, the chancellor inferred that simply because such chattels were present in the house, appellant's intent upon entering the premises was to steal.

The issue on appeal narrows to just that point, *i.e.,* the necessary ingredient of proof of a burglarious intent. *See Martin v. State,* 10 Md. App. 274, 276 (1970). The State relies on a single case, *Clemons v. State,* 228 Md. 237, 238 (1962), which it points out

"held that where the circumstances of the breaking and entering showed no other motive, a larcenous intent may be inferred."

*Clemons* is a single page per curiam which may be read to so hold, if viewed in a void. But in *Clemons* there is the additional factor that the accused was caught or interrupted on the premises *in flagrante delicto.*

It is apparent that so intangible a proof as one's intent may—if not must—be inferred in most cases from a more provable circumstance. The Court of Appeals in *Felkner v. State,* 218 Md. 300, 307 (1958), has reiterated the permissibility of such inference.

"Felonious intent is an essential element of burglary at common law and under statutes requiring such intent. The felonious intent like any other element of the crime must be proven. The proof need not be direct but may be inferred from the circumstances."

The court pointed out the obvious:

"The most conclusive evidence that the breaking was with the intent to steal is the larceny itself,"

---

2. The case then proceeded against appellant and his mother. Because of substantial defects in that proceeding, the State conceded on appeal "that insufficient evidence was presented to support the judgment of restitution against Appellant's mother." At argument, that concession was expanded to include John A. We are in accord that such was the case.

and the not so obvious,

> "although intent may exist and be proven although nothing in fact is taken."

Expanding upon that in *Ridley v. State,* 228 Md. 281, 282 (1962), the Court later explained that:

> "The actual intention at the time of the breaking is controlling, not whether any goods of value were found and stolen, and the intention may be inferred from the circumstances."

To read these excerpts in the abstract would lead to the conclusion drawn by the State from the *Clemons* per curiam, that is, that one may infer from a breaking into a dwelling, the purpose was to steal the contents. But if such is law, there would be in reality no requirement upon the State to prove intent in a burglary or daylight housebreaking. The proof of breaking and entering would suffice. Such is not the law. *Felkner* itself pointed out that

> "there must be proof of some fact or circumstance or act or declaration of the prisoner *in addition* to the proof of the mere breaking and entering from which the trier of the facts can find the intent." *Id.* at 307. (Emphasis added).

The inference that is permissible is in the nature of a Thayer-Wigmore "bubble" presumption; except that a presumption is a rule of law, an inference a rule of reason. A presumption arises by law without regard to reasonableness upon proof of prescribed facts and must be considered unless dispelled affirmatively; an inference merely becomes available in proportion to its reasonableness and even if reasonable may be ignored notwithstanding.

While the accused remained upon the premises he had unlawfully broken into, the reasonableness of the inference remained that he had entered to steal. His unlawful presence, immediately proximate to pilferable items, is the necessary "fact or circumstance . . . in addition to the proof of the mere breaking and entering from which the trier of the facts can find the intent."

But once the culprit voluntarily leaves the premises having stolen nothing, the probability arising from the opportunity apparent is negated. The initial breaking no longer implies the assumed purpose; the likelihood of theft is no greater after he leaves than it was before he arrived. Since he did not avail himself of the opportunity, that opportunity is no longer available to him and it becomes as unreasonable to infer an intent to steal from the former entry, as it would have been to infer an intent to commit arson had there been no burning.

In this case, the "fact or circumstance" in addition to "the mere breaking and entering" contradicts the thought of theft but raises an inference of arson. The appellant implicitly admitted that he may have caused the fire before leaving the premises although he denied intentional culpability for the burning. The fact of the fire is a circumstance which provides a clear inference of arsonous intent upon entry, despite the quite reasonable (but not compelling) explanation of a 14-year-old that he went in an empty house to smoke a cigarette before visiting a friend's home. On the other hand, it is apparent that if the accused had been caught on the premises or flushed therefrom as was Clemons, before any fire had started, the inference that he intended to steal the personal property that was available to him in the house would have remained reasonable and may even have withstood a denial by accused that such was his purpose in having broken in.

Such inferences are only permissible if they are "reasonable". The chancellor seems to have momentarily lost sight of that prefatory adjective appearing in all cases of circumstantial evidence in his hope of compensating the owner for his unjustified loss through restitution. Because the appellant was charged with breaking and entering with the intent to commit the felony of stealing — rather than of arson — the owner must seek his recompense in a civil action. Any inference that appellant entered the premises with an intent to steal, if available at all, is not so reasonable as to withstand the criminal standard test of being beyond a

reasonable doubt. See *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979).

> *Judgment reversed.*
> *Costs are not reallocated as part of the judgment of this Court pursuant to Maryland Rule 1082 f.*